42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia Munoz TREVINO, Petitioner-Appellant,
v.
Carol HOWES, Respondent-Appellee.
 No. 94-1614.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1994.
 
 Before: LIVELY, JONES and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Patricia Munoz Trevino, a pro se Michigan prisoner, appeals a district court order dismissing her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1980, a jury convicted Trevino of first degree felony murder and she was sentenced to life imprisonment without parole. The Michigan appellate court affirmed her conviction and sentence, and the Michigan Supreme Court denied discretionary review.
 
 
 3
 Trevino subsequently filed a petition for a writ of habeas corpus, alleging that: (1) the trial court improperly denied her motion to suppress evidence under the Fourth Amendment; (2) insufficient evidence existed to support her conviction; (3) the trial court improperly delayed four years before denying Trevino's motion for new trial based on newly discovered evidence; (4) Trevino received ineffective assistance of counsel because trial counsel failed to raise an alibi defense, trial counsel failed to object to improper hearsay evidence, and appellate counsel's representation was compromised due to a conflict of interest; (5) the prosecution relied on an improper closing argument; and (6) the trial court improperly instructed the jury. The district court concluded that Trevino's claims were without merit and dismissed the petition. Trevino has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Trevino's petition. Trevino has not shown that she received a fundamentally unfair trial resulting in her unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993). The district court properly declined to consider the merits of Trevino's Fourth Amendment claim as she had a full and fair opportunity to raise that claim in the Michigan courts and presentation of her claim was not thwarted by any failure of that state's corrective process. Stone v. Powell, 428 U.S. 465, 494-95 (1976). Sufficient evidence exists to support Trevino's conviction. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). Nor was Trevino prejudiced by any delay in the trial court's ruling on her motion for a new trial. Trevino did not receive ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). Review of the record does not reveal any prosecutorial misconduct so egregious as to deny Trevino a fundamentally fair trial. Donnelly v. DeChristoforo, 416 U.S. 637, 643-45 (1974). Lastly, our review of the challenged jury instructions does not reveal any instructions so infirm that they render the entire trial fundamentally unfair. Estelle v. McGuire, 112 S.Ct. 475, 482 (1991).
 
 
 5
 Accordingly, this court affirms the judgment for the reasons set forth in the district court's opinion and order filed on April 25, 1994. Rule 9(b)(3), Rules of the Sixth Circuit.